# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JERRY D. MEEHAN, SR., | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) 1:11-cv-1370-SEB-TAB |
| | ) |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## Entry Discussing Complaint for Judicial Review

Jerry D. Meehan, Sr. ("Meehan") seeks judicial review of the denial by the Commissioner of the Social Security Administration ("Commissioner") of his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"), 42 U.S.C. § 301, *et seq.*

For the reasons explained in this Entry, the Commissioner's decision must be **affirmed.**

## I. Background

Meehan applied for DIB on May 16, 2008, and for SSI on May 23, 2008, alleging an onset date of May 18, 2008. His applications were denied initially and upon reconsideration. His request for a hearing before an Administrative Law Judge ("ALJ") was granted, and a hearing was conducted by video on July 20, 2010. Meehan was present, accompanied by his attorney. Medical and other records were introduced into evidence. Meehan testified and a vocational expert testified by telephone. The ALJ denied Meehan's applications on December 2, 2010. On August 9, 2011, the Appeals Council denied Meehan's request for review, making the ALJ's decision final. *See Getch v. Astrue,* 539 F.3d 473, 480 (7th Cir. 2008). This action for judicial review of the ALJ's decision followed. The court has jurisdiction over this action pursuant to 42 U.S.C. § 405(g), which provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . in [a] district court of the United States."

The ALJ's decision included the following findings: (1) Meehan met the insured status requirements of the Act through December 31, 2010; (2) Meehan had not engaged in substantial gainful activity since May 18, 2008, the alleged onset date; (3) Meehan had a severe impairment, coronary artery disease; (4) Meehan did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1; (5) Meehan had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) with the following additional limitations: he could occasionally climb, balance, stoop, kneel, crouch, and crawl; could not climb ropes, ladders, or scaffolds; and must avoid concentrated exposure to extreme cold, extreme heat, and humidity; (6) Meehan was unable to perform any past relevant work; (7) Meehan was born on September 20, 1968, and was 39 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date; (8) Meehan had a limited education and is able to communicate in English; (9) transferability of job skills was not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that Meehan was "not disabled" whether or not he had transferable job skills; and (10) considering Meehan's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that he could perform. With these findings in hand, and through the application of applicable rules and regulations, the ALJ concluded that Meehan had not been under a "disability," as defined in the Act, from May 18, 2008, through the date of the ALJ's decision.

## II.   Discussion

### A.   Applicable Law

To be eligible for DIB and SSI, a claimant must prove he is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). To establish disability, the plaintiff is required to present medical evidence of an impairment that results "from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [a claimant's] statement of symptoms." 20 C.F.R. §§ 416.908; 404.1508.

A five-step inquiry outlined in Social Security regulations is used to determine disability status. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351-52 (7th Cir. 2005).

The ALJ must consider whether: (1) the claimant is presently

employed; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any impairment listed in the regulations as being so severe as to preclude substantial gainful activity; (4) the claimant's residual functional capacity leaves him unable to perform his past relevant work; and (5) the claimant is unable to perform any other work existing in significant numbers in the national economy. 20 C.F.R. §§ 404.1520, 416.920. A finding of disability requires an affirmative answer at either step three or step five.

*Id.* The claimant bears the burden of proof at steps one through four, and at step five the burden shifts to the Commissioner. *Id.* at 352.

The task a court faces in a case such as this is not to make a *de novo* determination of the plaintiff's entitlement to benefits, but to decide if the Commissioner's decision was supported by substantial evidence and otherwise is free of legal error. *Kendrick v. Shalala,* 998 F.2d 455, 458 (7th Cir. 1993). "Substantial evidence" has been defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison v. NLRB,* 305 U.S. 197, 229 (1938)).

### B. Analysis

In this case, the ALJ concluded that although Meehan had a severe impairment consisting of coronary artery disease, there were a significant number of sedentary unskilled jobs in the national economy that he could perform.

Meehan argues that the ALJ's decision is not supported by substantial evidence. His sole argument is that the ALJ erred in determining that his impairment did not satisfy Listing 4.04C.

Meehan has the burden of showing that his impairment met or medically equaled a listing. *Filus v. Astrue,* 694 F.3d 863, 868 (7th Cir. 2012); *Ribaudo v. Barnhart,* 458 F.3d 580, 583 (7th Cir. 2006). He must show that his impairment "satisf[ied] all of the various criteria specified in the listing." *Ribaudo,* 458 F.3d at 583. Listing 4.04C requires the following:

> 4.04 Ischemic heart disease, with symptoms due to myocardial ischemia, as described in 4.00E3-4.00E7, while on a regimen of prescribed treatment (see 4.00B3 if there is no regimen of prescribed treatment), with one of the following:
> C. Coronary artery disease, demonstrated by angiography (obtained independent of Social Security disability evaluation) or other

>appropriate medically acceptable imaging, and in the absence of a timely exercise tolerance test or a timely normal drug-induced stress test, an MC, preferably one experienced in the care of patients with cardiovascular disease, has concluded that performance of exercise tolerance testing would present a significant risk to the individual, with both 1 and 2:
>
>1. Angiographic evidence showing:
>
>a. 50 percent or more narrowing of a nonbypassed left main coronary artery; or
>b. 70 percent or more narrowing of another nonbypassed coronary artery; or
>c. 50 percent or more narrowing involving a long (greater than 1 cm) segment of a nonbypassed coronary artery; or
>d. 50 percent or more narrowing of at least two nonbypassed coronary arteries; or
>e. 70 percent or more narrowing of a bypass graft vessel; and
>
>2. Resulting in very serious limitations in the ability to independently initiate, sustain, or complete activities of daily living.

20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 4.04C.

The ALJ considered whether Meehan's impairments met or equaled Listing 4.04C. In determining that Listing 4.04C was not satisfied, the ALJ stated that "there is no medical evidence of the quantifiable narrowing required by this listing." (R. at 14). He further noted that "the listing is not met where there is no heart disease-related very serious limitations in the ability to independently initiate, sustain, or complete activities of daily living." *Id.* "As previously discussed, the claimant continues to engage in a variety of daily activities on a regular and independent basis. Therefore, the listing is not met." *Id.*

Meehan contends that his cardiac impairment satisfied the criteria of Listing 4.04C. He points to a cardiac catheterization report dated February 19, 2010, which he contends shows 70% or more narrowing. (R. at 453-54). He also argues that he is seriously limited in his ability to perform daily activities. The Commissioner responds that neither the criteria of Listing 4.04C nor the 12 month duration requirement were met.

The February 2010 report cited by Meehan does indicate that "the left circumflex artery gave off an obtuse marginal branch that was 60-70% obstructed in its stented area." (R. at 454). The report further notes, however, that "[a]fter percutaneous coronary intervention the stenosis was decreased to minus 10% with

TIMI III flow." *Id.* The reported impression was "[s]uccessful percutaneous coronary intervention of moderate obtuse marginal branch stent stenosis." *Id.*

The Commissioner acknowledges that Meehan also had a cardiac catheterization on May 11, 2008. That procedure was successful, meaning that the stenosis was decreased to -10% with TIMI 3 flow. (R. at 224). The regulations explain that when a patient has had "revascularization, we will not use the pre-operative findings to assess the current severity of your coronary artery disease under 4.04C, although we will consider the severity and duration of your impairment prior to your surgery in making our determination or decision." Listing 4.00E.9.h.

As discussed by the ALJ, although medical providers deemed it necessary for Meehan to undergo two catheterizations due to obstruction, both were successful and effective. (R. at 16). The ALJ pointed out that in October 2008, medications were increased and by December, Meehan did not report chest discomfort, shortness of breath, palpitations or dizziness. *Id.* The ALJ noted that on February 3, 2009, an EKG showed no more than mild or trace deviation from normal values. (R. at 16, 359). A year later, on February 17, 2010, Meehan reported having recurrent chest pain lasting 2 to 3 minutes. (R. at 466). It was at this time that the second catheterization was scheduled. *Id.* The ALJ noted that Meehan's heart disease was regularly monitored and his treatment was adjusted, indicating an ability to manage the condition. (R. at 16). The ALJ further noted that Meehan's treating physicians had been able to treat his symptoms and stabilize his heart condition, and medical interventions had been successful. *Id.* "Throughout the record, providers note clinical improvement and stability for a number of factors." *Id.* The ALJ's reasoning is supported by substantial evidence.

"Whether a claimant's impairment equals a listing is a medical judgment, and an ALJ must consider an expert's opinion on the issue." *Barnett v. Barnhart,* 381 F.3d 664, 670 (7th Cir. 2004). In this case, a state agency physician opined in November 2008 that Meehan could occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, and sit, stand and/or walk about 6 hours in an 8-hour workday. (R. at 322). The physician noted that Meehan's cardiac condition had been improving and was stable, and an EKG was within normal limits. *Id.* In April of 2009, another state agency physician affirmed the decision that Meehan was not disabled. (R. at 383, 53).

Under these circumstances, Meehan has not met his burden of showing that all of the listing criteria were satisfied. *See Ribaudo,* 458 F.3d at 583. Substantial evidence supports the ALJ's determination that the requirements of Listing 4.04C were not met or equaled.

As noted, the court's role in this case is not to attempt a *de novo*

determination of Meehan's entitlement to benefits, but to decide if the Commissioner's decision was supported by substantial evidence. If the ALJ's view of the evidence is supported by substantial evidence, the court must affirm the decision. In other words, "even if reasonable minds could differ concerning whether [the claimant] is disabled, we affirm if the ALJ's decision has adequate support." *Simila v. Astrue,* 573 F.3d 503, 513 (7th Cir. 2009) (internal quotation omitted). The court is not allowed to "displace the ALJ's judgment by reconsidering facts or evidence, or by making independent credibility determinations." *Id.* (internal quotation omitted). The court "cannot reweigh the evidence or substitute our own judgment for that of the ALJ." *Schmidt v. Apfel,* 201 F.3d 970, 972 (7th Cir. 2000).

"An ALJ's findings are supported by substantial evidence if the ALJ identifies supporting evidence in the record and builds a logical bridge from that evidence to the conclusion." *Hopgood ex rel. L.G. v. Astrue*, 578 F.3d 696, 698 (7th Cir. 2009) (internal quotation omitted). In this case, the ALJ sufficiently articulated his assessment of the evidence to enable the court to trace the path of his reasoning. *See Schmidt v. Barnhart*, 395 F.3d 737, 747 (7th Cir 2005). Substantial evidence supports the ALJ's evaluation of Meehan's impairment and conclusion that he had not been under a "disability" as defined in the Act from May 18, 2008, through the date of the ALJ's decision. Accordingly, the decision must be affirmed.

### III.  Conclusion

There was no reversible error in the assessment of Meehan's applications for DIB and SSI. The final decision of the Commissioner is supported by substantial evidence and is not tainted by legal error. Under these circumstances, Meehan is not entitled to relief in this action. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  01/28/2013

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel